UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
WILLIAM CULPO,

                Plaintiff,

    -against-                                    **ORDER**
                                                       20-CV-6264-LDH-SJB

ANDREW M. SAUL,

                Defendant.
-----------------------------------------------------------------X

**BULSARA, United States Magistrate Judge:**

      In this case, a June 30, 2023 Notice of Award granted Petitioner's request for disability benefits. (Notice of Award, dated June 30, 2023 ("Notice of Award"), attached as Ex. C. to Decl. of Christopher Bowes dated July 18, 2023 ("Bowes Decl."), Dkt. No. 24 at 16–19). The Notice "advises that [the Social Security Administration] was sending [Petitioner] $46,510 reflecting the past due benefits to him and that it was also withholding twenty-five percent of the total past due benefits (i.e. $15, 516)" for attorney's fees. (Bowes Decl. ¶ 20; Notice of Award). His counsel has now moved for an order directing the SSA to approve a fee award for that amount reflected in the Notice: $15,516. (*Id.* ¶ 22; Notice of Mot. for Approval of Contingent Fee Agreement dated July 18, 2023 ("Mot. for Fees"), Dkt. No. 23).

      "[42 U.S.C.] § 406(a) governs fees for representation in administrative proceedings; § 406(b) controls fees for representation in court." *Culbertson v. Berryhill*, 139 S. Ct. 517, 520 (2019) (quoting *Gisbrecht v. Barnhart*, 535 U.S. 798, 794 (2002)). Section 406(b) "authorizes a court that enters a judgment favorable to a social security claimant to award, 'as part of its judgment,' a reasonable fee for counsel's representation before the court, not to exceed 25% of the total past-due benefits to

which the claimant is entitled 'by reason of such judgment.'" *Sinkler v. Berryhill*, 932 F.3d 83, 86 (2d Cir. 2019) (quoting 42 U.S.C. § 406(b)(1)(A)). The subsection also permits the withholding of past due benefits to pay the attorney fee award. *Culbertson*, 139 S. Ct. at 520. The fee award is ultimately entered as part of the district court's judgment. *Sinkler*, 932 F.3d at 86.

"[A] court's determination of . . . fees requested under section 406(b) should 'begin with the agreement, and the district court may reduce the amount called for by the contingency agreement only when it finds the amount to be unreasonable.'" *Devenish v. Astrue*, 85 F. Supp. 3d 634, 636 (E.D.N.Y. 2015) (quoting *Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990)). In determining whether the fee is reasonable, the "court should consider: (i) 'whether the contingency percentage is within the 25% cap'; ([ii]) 'whether there has been fraud or overreaching in making the agreement'; and (iii) 'whether the requested amount is so large as to be a windfall to the attorney.'" *Id.* (quoting *Wells*, 907 F.2d at 371); *see also Diberardino v. Comm'r of Soc. Sec.*, No. 17-CV-02868, 2020 WL 6746828, at *3 (E.D.N.Y. Nov. 17, 2020) (same).

The fee sought is within the 25% cap, is not the result of fraud, and is not a windfall in light of the success achieved by counsel, which enabled Petitioner to receive past due benefits, as well as future benefits for his son and Medicare coverage, and was done pursuant to an effective hourly rate of $558 an hour. (Bowes Decl. ¶ 30). The Court has also considered the factors directed by the Circuit in evaluating a fee—*see Fields v. Kijakazi*, 24 F.4th 845, 854 (2d Cir. 2022)—and finds that the result achieved by experienced counsel in this case shows he was particularly efficient and merits the fee sought, which is a reasonable one. *E.g., id.*

The Social Security Administration ("SSA") does not dispute any of these conclusions. (*See* SSA Resp. to Mot. for Fees dated Aug. 1, 2023 ("SSA Resp."), Dkt. No. 26). Its response, however, asks the Court not to direct the SSA to pay the fee award, or alternatively, to indicate that any amount of fees "is to be paid out of [Petitioner's] past-due benefits in accordance with agency policy." (SSA Resp. at 1).

These considerations merit no attention, because the SSA has withheld fees from Petitioner in anticipation of a fee award, and the amount withheld is the amount being sought by Petitioner. The Court grants the motion for approval of the contingent fee agreement, and the SSA is directed to pay Petitioner's counsel from the already withheld past-due benefits. That amount, however, should be reduced by $6,000, to $9,516, since Petitioner is entitled to a credit for fees received by counsel pursuant to the Equal Access to Justice Act.

SO ORDERED.

*/s/Sanket J. Bulsara   March 25, 2024*
SANKET J. BULSARA
United States Magistrate Judge

Brooklyn, New York